79   447
682   588

IDA STAINBACK *v.* CITY OF MERIDIAN.*

FIRST APPEAL.

1. MUNICIPAL CORPORATION.  *Negligence.   Defective bridge.*

It is actionable negligence for a city to remove a bridge over a ditch in a densely populated district and provide and maintain for the passage of pedestrians over the same insecure planks, which careened when plaintiff, an infant, went upon them, causing her to fall and suffer injury, she being wholly without fault or knowledge of the insecurity of the plank passageway so provided for the use of herself and others by the city.

SECOND APPEAL.

2. SAME.  *Contributory negligence.*

Where planks were placed over a ditch in a street, for the convenience of the city's laborers in transporting rocks across the ditch, and barricades were erected to warn the public of the danger of crossing, a schoolgirl who disregarded the barricades, went around them, and suffered injury by the giving way of one of the planks while she was crossing on them, has no cause of action against the city.

3. UNLAWFUL ACTS.  *Repetition.   Damage.*

The repetition of an unlawful act, resulting in damage, does not confer upon the offender a right of action because of such damage.

FROM the circuit court of Lauderdale county.

HN. GUION Q. HALL, Judge.

Ida Stainback, a schoolgirl, the appellant on the first appeal and the appellee on the second one, was the plaintiff in the court below; the city of Meridian was defendant there.  The

* The first appeal in this case was decided at the October term, 1900.

declaration alleges that for some years before March 7, 1898, the streets and avenues, where the accident is alleged to have happened, were streets and avenues in the city of Meridian, and that it was the duty of the defendant, as a municipal corporation, to keep and maintain the streets and sidewalks in a proper and safe condition for use of pedestrians passing over and along said streets and avenues; that the accident occurred on Fourteenth street, between Seventeenth and Eighteenth avenues, and that said street and avenues run through a thickly settled portion of the city, and are much used by persons on foot in passing from one portion of the city to another; that for some years before March 7, 1898 (the date of the accident), Fourteenth street, between Seventeenth and Eighteenth avenues, had traversing it, at a point between Seventeenth and Eighteenth avenues, a large drain, or ditch, over which the defendant maintained a wooden bridge, or cover, which was used by pedestrians and vehicles passing along the streets; that some six or eight months before the happening of the injury the defendant had moved said wooden bridge, and had excavated and enlarged the ditch where it crosses Fourteenth street; that the excavation extended in width eight or ten feet, and in depth ten or twelve feet, and that after the ditch was excavated the defendant walled it up from one side to the other with stone; that the defendant, well knowing that said street had been and was used daily as a public thoroughfare in the city of Meridian by persons passing along that portion of the city on foot and in vehicles, and the defendant well knowing that the street at said point was especially used by school children attending the schools of the city on foot, and upon the completion of said excavation, and upon having the same walled up with stone, in order to provide for foot passengers passing along the street, carelessly and negligently caused one or two planks, of the width each of ten or twelve inches, to be laid across the ditch as and for a walkway; that the city carelessly and negligently failed and refused to have the planks so laid

across the ditch fastened at either end, and carelessly and negligently refused to place any guard rail or other protection whatsoever around or about the planks, and carelessly and negligently failed and refused to place any bridge over the ditch or other cover, and failed and refused, carelessly and negligently, to provide any other means of passing along the street and over the ditch, and that the walkway, so intended for persons passing along the street, was carelessly and negligently constructed, and that the same was unsafe and dangerous, but that the plaintiff, an infant, in passing along the street, and in going or returning from school, not knowing of the unsafe or dangerous condition of the walkway, undertook to cross over said ditch, when, without any negligence on her part, and after she had proceeded in and upon the walkway, the plank careened and turned over to one side, precipitating the infant, plaintiff, violently down some twelve or fifteen feet, into the ditch, and upon the hard stone therein, whereby, and in consequence thereof, the infant, plaintiff, was grievously hurt, bruised, and wounded, etc. To this declaration a demurrer was interposed by defendant, setting up, among other grounds of defense, the following: That the declaration does not show any negligence on the part of defendant such as constitutes a cause of action against it, and that the declaration shows such contributory negligence on the part of the plaintiff as to debar her from recovery. The demurrer was sustained by the court below and plaintiff appealed to the supreme court.

FIRST APPEAL.

*C. C. Miller,* for appellant.

*S. A. Witherspoon,* for appellee.

Whitfield, C. J., delivered the opinion of the court on the first appeal.

If the evidence shall sustain the allegations of the declaration, the plaintiff is entitled to recover. The declaration states a good cause of action, and the demurrer admitting it should have been overruled. The case stated called for proof, not a demurrer.

*Reversed and remanded.*

### SECOND APPEAL.

After the delivery of the foregoing opinion the cause was remanded to the court below, and was there tried upon the facts. The evidence showed that the bridge had been removed from four to six months before the accident, and the planks placed across the ditch, and pedestrians in considerable numbers passed over the ditch on the planks. It further showed that the planks were put there by the laborers working for the city, for the purpose of trucking rock across the ditch. One of the plaintiff's witnesses stated that barricades were placed across the street on both sides of the ditch while the planks were there, and red lights were placed there at night; and several for the defense testified to the same facts. Several witnesses for the plaintiff testified that if there were any barricades, they did not see them. It was shown for plaintiff that about seventy-five school children crossed over the ditch on the planks daily in going to and from school, and other pedestrians constantly did the same, without objection by the city. From a verdict and judgment for plaintiff for $1,000, defendant appealed, the second appeal, to the supreme court.

*S. A. Witherspoon*, for the appellant.

The city was not shown to have been guilty of the negligence charged against it; several witnesses testified that the planks were put across the ditch for the use of the city's laborers and not for pedestrians generally; that barricades were erected to warn persons not to use the planks and lights were put out at

night for the same purpose. No witness denies this, although several swear they did not see the barricades. This ought to have ended the case.

The plaintiff was guilty of contributory negligence. She disregarded the temporary barriers, went around them, for the purpose of using the planks intended only for the laborers, and thereby caused her own injuries. The instruction of the court given for plaintiff were not justified by the evidence, and the manifestly unjust verdict and judgment should be vacated and reversed.

*C. C. Miller,* for appellee.

The questions of the city's negligence and of the plaintiff's contributory negligence were submitted to a jury on the evidence, and the instructions of the court, which were quite liberal for appellant, and the jury found for the plaintiff, awarding her a modest sum for damages, and this court will find nothing in the record, we submit, justifying a reversal. There was some conflict in the testimony, it is true, but it was the special province of the jury to settle this.

WHITFIELD, C. J., delivered the opinion of the court on the second appeal.

Without detailed analysis of the instructions, we feel constrained to say that, on the evidence in this case, the verdict should have been for the defendant. The basis of appellee's claim was that the planks had been put there as and for a passageway for pedestrians. There is no proof to support this allegation. It is clearly shown that barricades were put across the street to warn the public of the danger of crossing, and that these planks were put across for the convenience of the city employees in hauling rocks across the ditch. It would seem that the school children—one of whom says it was very dangerous to cross—went in between the barricades and the ditch, and thus across on the planks. If one chose, in spite of

the barricades and the warning they spoke, to take the risk of crossing, the city cannot be held for the consequences of such rashness. The reasoning that, though the city did not originally lay the planks down as a crossing for pedestrians, yet if persons wrongfully crossed on them, and the city knew of this wrongful crossing, and its constant repetition, and did not object, it is bound, is not sound. Repetition of an unlawful act, resulting in damage, cannot confer a right of action because of such damage. Besides, that is not the case made by the declaration. Unless on proper amendments, and very different proof, a good case can be made out, the suit must fail.

*Reversed and remanded.*

TERRAL, J., took no part in this case on either appeal.